J-S18010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TITO RIVERA | : | |
| | : | |
| Appellant | : | No. 421 WDA 2023 |

Appeal from the PCRA Order Entered March 14, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013002-2007

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: July 30, 2024**

Tito Rivera appeals from the order entered March 14, 2023, denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Rivera's counsel has filed a petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) ("**Turner**/**Finley**"). Because Rivera filed an untimely PCRA petition and failed to allege a timeliness exception to the statutory time bar, we grant counsel's request to withdraw and affirm.

A prior panel of this Court set forth the relevant factual and procedural history:

> The evidence presented at trial established that in the early morning hours of August 25, 2007, college students Michael Zalac and Andrew Herlihy were outside their house on Zulema Street in Oakland when they were approached by [Rivera], who asked to

borrow a cell phone to make a call. After making two calls, [Rivera] returned the phone to the young men, who turned to walk into the house. [Rivera] then pulled a gun and forced the young men into the house, and then into the living room, where their housemates, Reese Schoy and Nathan Good, were watching a movie. [Rivera] threatened to kill them and demanded money from them, and all complied except for Michael, whose wallet was in his room on the third floor. [Rivera] made the young men walk upstairs to the bedroom in a line at gunpoint, continuously threatening to kill them. After retrieving Michael's wallet, [Rivera] asked if there were any other housemates, and was told that the last housemate, Keith Haselhoff, was asleep with his girlfriend, Logan Dillinger, on the second floor. [Rivera] moved the group to Keith's room, woke Keith and Logan, and demanded their money. After they complied, [Rivera] searched Logan's purse and found some other money she had forgotten about. Angered, [Rivera] made the men lay face down on the floor, threatened to kill them if they moved or spoke, and took Logan into the adjoining bathroom, where he undressed her, touched her breasts, forced her to perform oral sex on him twice and also had intercourse with her. Afterwards, he ordered her to shower and to return to her room without her clothes—though she was able to grab a towel on her way out. Back in the bedroom, [Rivera] ordered the men to pack up an X–Box video game system and various Steeler jerseys he noticed in the room, allowed Logan to get dressed and then had her count the money he had collected—approximately $300.00. Unsatisfied with that amount, [Rivera] ordered all the men to stand and dress in non-descript clothing so they could all go to a nearby ATM and withdraw more money. As [Rivera] was preparing to move the group out of the room, Michael noticed that [Rivera] was no longer holding the gun and jumped on him. The other men followed suit and Logan ran out of the house and summoned the police. When the police arrived, they found [Rivera] on the bedroom floor being restrained by the men, his hands tied with shoelaces and his feet bound with an extension cord.

[Rivera] was charged with six (6) counts each of Robbery and Terroristic Threats—one (1) count for each victim—and also with Rape, Involuntary Deviate Sexual Intercourse (IDSI), Aggravated Indecent Assault, Indecent Assault, Simple Assault, and Burglary, but prior to trial the Aggravated Indecent Assault charge was withdrawn. Following a jury trial, [Rivera] was found guilty of all charges except for Simple Assault.

[Rivera] appeared before the trial court on September 9, 2008 and was sentenced to eight (8) consecutive terms of imprisonment of 10–20 years at each of the Robbery counts, Rape and IDSI, for an aggregate term of 80–160 years. Timely Post–Sentence Motions were filed and denied on September 17, 2008.

*Commonwealth v. Rivera*, 310 WDA 2012, at *1-2 (Pa. Super. filed January 28, 2013) (brackets omitted) (quoting *Commonwealth v. Rivera*, 1718 WDA 2008, at *1-3 (Pa. Super. filed November 20, 2009)).

Following the guilty verdict at trial, Rivera filed a timely direct appeal to this Court, challenging the discretionary aspects of his sentence. This Court affirmed Rivera's judgment of sentence on November 20, 2009. Rivera petitioned for allowance of appeal, which our Supreme Court denied on July 7, 2010.

Rivera filed a first, timely PCRA petition on July 8, 2011. Counsel was appointed, who filed a *Turner*/*Finley* letter and requested to withdraw as counsel. The PCRA court granted counsel's request to withdraw and issued notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. Rivera did not respond, and his PCRA petition was dismissed on February 1, 2012. Rivera filed an appeal to this Court. We affirmed the order dismissing his PCRA petition on January 28, 2013.

The instant PCRA petition was filed on February 14, 2020. The PCRA court denied Rivera's PCRA petition on March 14, 2023, finding that the PCRA petition was untimely filed, and Rivera did not meet any timeliness exception.

Rivera timely appealed and complied with the PCRA court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Counsel filed a petition to withdraw as counsel along with a *Turner*/*Finley* letter. As such, before we can address the claims raised, we must first consider whether counsel met the requirements for withdrawing from representation.

> Counsel petitioning to withdraw from PCRA representation must proceed under *Turner*[/]*Finley*[] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (brackets, ellipses, and citation omitted).

Once we find that the requirements of *Turner*/*Finley* have been met, we will then conduct an independent review of the merits of the case. *See id.* If we agree with counsel that the claims are without merit, we will permit counsel to withdraw. *See id.*

Here, counsel submitted a no merit letter which detailed the nature and extent of her review, noted the issue which Rivera wishes to raise on appeal, and explained why and how that issue lacks merit. Counsel further submitted

- 4 -

a petition to withdraw as counsel. Finally, counsel attached the letter she sent to Rivera indicating that her **Turner/Finley** letter and petition to withdraw were enclosed and advising him that he can either hire new counsel or proceed *pro se*. Therefore, we find that counsel has met the requirements and review the issues raised.

> Counsel raises one issue:

> [Rivera] contends that his Post-Conviction petition should not have been denied and that he is entitled to a new trial because Judge McDaniel did not have jurisdiction to hear the trial nor sentence him. He further contends that his claims are not time barred nor previously litigated.

**Turner/Finley** Letter, 2/26/24, Exhibit 1, at 3. Counsel found that Rivera's claims are time-barred and previously litigated. **See id.** at 5.

Rivera filed a *pro se* response on April 1, 2024. While his response is not a model of clarity, Rivera seems to assert that: (1) all prior counsel were ineffective, (2) that his conviction and sentence are void *ab initio*, (3) that the enforcement of the PCRA time-bar has been suspended or that the time bar does not apply to him because the errors in his case are patent and obvious, and (4) that his sentence is unconstitutional pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013). **See** *Pro Se* Response, at 3-5, 12-13, 15, 16. Rivera "objects to PCRA counsel's assertion that his claims, which sound in pure jurisdictional-based matters, are capable of being time-barred or precluded under any waiver or previously litigated doctrines." **Id.** at 2.

We start by reviewing Rivera's claim that the PCRA time bar has been suspended or does not apply to him, as that implicates the jurisdiction of this Court. **See Commonwealth v. Branthafer**, 315 A.3d 113, 120 (Pa. Super. 2024) ("It is a well-settled principle that if a PCRA petition is untimely, neither the PCRA court nor this Court has jurisdiction over the petition and cannot address the substantive claims.").

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

Rivera's PCRA petition is patently untimely, as his judgment of sentence became final on October 5, 2010, ninety days after our Supreme Court denied his petition for allowance of appeal. **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence "becomes final at the conclusion of direct review … or at the expiration of time for seeking the review."); Sup. Ct. R. 13 (stating that a petition for writ of certiorari is to be filed within 90 days after the entry of the order denying discretionary review). Therefore, Rivera had until October

5, 2011, to timely file his PCRA petition. His PCRA petition filed on February 14, 2020, is untimely.

However, as noted above, Rivera claims his petition is not untimely because the PCRA time bar has been suspended or, alternatively, he is not subject to the time bar. Rivera relies on *Commonwealth v. McIntyre*, 232 A.3d 609 (Pa. 2020), for these claims. Rivera asserts that "a fair reading of *McIntyre* unequivo[cally] proves that the [Pennsylvania] Supreme Court has suspended enforcement of the PCRA's procedural/jurisdictional time bar with regard to proven void *ab initio* claims and proven claims of violations of individual constitutional rights, such as the right of due process." *Pro Se* Response, at 3-4.

Notably absent from our Supreme Court's decision in *McIntyre* is any discussion of the time bar requirements of the PCRA, as McIntyre filed a timely PCRA petition. *See McIntyre*, 232 A.3d at 617 n.13 ("It is undisputed that Appellant's *pro se* PCRA petition was timely filed within one year of his judgment of sentence becoming final."). As such, this claim fails, and Rivera has not presented any reason why the PCRA jurisdictional time bar does not apply to him. *See Commonwealth v. Hagan*, 306 A.3d 414, 429 (Pa. Super. 2023) (affirming PCRA court's denial of PCRA as untimely on a claim that the conviction was void *ab initio*).

We turn next to the subpart of Rivera's claim that the time bar does not apply to him because the errors in his case are patent and obvious. *See Pro*

- 7 -

*Se* Response, at 4. Rivera relies on **Commonwealth v. McGee**, 302 A.3d 659 (Pa. 2023), for the proposition that a court has the authority to correct patent and obvious errors "despite the absence of traditional jurisdiction." **Id.** at 5 (citing **McGee**, 302 A.3d at 663). However, our Supreme Court expressly ruled in **McGee** that there was no patent error and it "[did] not reach the question of whether a trial court's inherent authority to correct patent and obvious errors in the record is subject to the time limitations of the PCRA." **McGee**, 302 A.3d at 670. Therefore, Rivera's reliance on **McGee** is not legally persuasive.

Furthermore, even if a trial court's authority to correct patent and obvious errors in the record were not subject to the PCRA's time limitations, Rivera's claim of a patent and obvious error is unavailing. A patent and obvious error is one that is, as the title implies, obvious. Here, there is no obvious error. Rivera asserts that it was error for his trial to be reassigned to Judge McDaniel when it was initially assigned to Judge Sasinoski. **See** *Pro Se* Response, at 5-7. Rivera believes, just prior to his scheduled trial, his case was reassigned at the request of George Matta, the clerk of court of Allegheny County and uncle of one of Rivera's victims, "to a judge he wanted to preside over the criminal process." **Id.** Rivera relies on an email sent by Matta that he believes requests a reassignment of the case from Judge Sasinoski to Judge McDaniel "[outside] the bounds of [d]ue [p]rocess." **Id.** This email is not part of the certified record, and although attached to Rivera's response, we cannot

consider it.[1] **_See Commonwealth v. Preston_**, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*) ("any document which is not part of the officially certified record is deemed non-existent[.]"). After a thorough review of the record, even if the trial court's inherent authority to correct patent and obvious errors in the record were not subject to the time limitations of the PCRA, there are no patent and obvious errors on the face of the record in this case.

Therefore, contrary to Rivera's representations otherwise, his claims are all subject to the PCRA time bar and he has failed to plead any exception that would provide us with jurisdiction to consider their merits.

Accordingly, the PCRA court correctly denied Rivera's PCRA petition as untimely. We grant counsel's petition to withdraw and affirm the PCRA court's order.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/30/2024

---

[1] Even if the email was part of the certified record, it does not reflect that Matta requested the trial be reassigned to Judge McDaniel. In the email, Matta requested to move the date of trial, as his niece was unavailable on the scheduled trial date and noted that he thought the trial was assigned to Judge McDaniel. This is not a patent and obvious error on the face of the record.